**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LYNETTE ASHEY AKAMIN,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　　Respondent. | No. 20-70590<br><br>Agency No. A215-822-217<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2021**
Seattle, Washington

Before: W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Lynette Ashey Akamin, a native and citizen of Cameroon, petitions for

review of the decision of the Board of Immigration Appeals ("BIA") upholding the

order of the immigration judge ("IJ") denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

("Torture Convention"). We have jurisdiction under § 242 of the Immigration and

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

Nationality Act. 8 U.S.C. § 1252. We review the agency's factual findings, including its adverse credibility determinations, for substantial evidence. *See Singh v. Lynch*, 802 F.3d 972, 974–75 (9th Cir. 2015), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). We deny the petition.

1. We conclude that, in upholding the IJ's adverse credibility determination, the BIA relied on multiple proper reasons that are supported by substantial evidence.

a. The BIA properly upheld the IJ's reliance on two discrepancies between Akamin's testimony and other statements in the record. First, the IJ noted that Akamin testified that, after she escaped from her second arrest for protesting Cameroon's anti-Anglophone policies, the military came to her mother's house and harassed her mother, but Akamin stated that she was not aware that the military went to any other relative's house and her mother never told her that any other relative received such a visit. However, the affidavit from Akamin's mother stated that authorities had harassed not only her but also her other family members. Second, the IJ observed that, although Akamin's declaration had asserted that, after being released from her first arrest, Akamin had been forced to sign an undertaking that she would never participate in a strike again, Akamin did not mention that point in her direct-examination testimony. Akamin argues, with some force, that

there are reasonable explanations for these discrepancies and that the agency should not have relied on them to find her not to be credible. But we cannot say that a reasonable factfinder would be compelled to accept these explanations, and the agency therefore permissibly concluded that these discrepancies supported an adverse credibility finding. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011); 8 U.S.C. § 1252(b)(4)(B).

b. The BIA also noted that the IJ found Akamin's testimony relating to her escape from Cameroon to be implausible. For example, the IJ concluded that, even with the asserted assistance of a bribed police commissioner, it was implausible that Akamin could have used her own passport to escape Cameroon so "seamlessly," if indeed she had been "a wanted woman" for whom the "authorities were actively looking." The IJ also found it implausible that the military would have waited more than a week before they assertedly visited Akamin's mother's house looking for her. It is questionable whether the latter finding is supported by substantial evidence, given that Akamin's testimony only specifically identified the timeframe when her mother *called* her to tell her about the military's initial visit and not the exact timing of the visit itself. But the finding concerning the implausible ease of her escape is based on a permissible, if debatable, view of the evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).

c. The BIA additionally relied on the IJ's finding that Akamin had exhibited

3

an evasive demeanor during questioning, occasionally taking long pauses and giving vague answers. For example, the IJ noted that, when questioned about when her university shifted instruction from English-speaking teachers to French-speaking ones, Akamin "remained silent for over fifteen seconds" and that the rest of Akamin's testimony was "similarly riddled with long pauses and hesitations." We give such demeanor findings a "healthy measure of deference," because "IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (citation omitted). The agency also properly relied on Akamin's vague answers to what it thought should have been "simple questions," such as who organized a 2017 protest that Akamin had assertedly attended. *See Iman v. Barr*, 972 F.3d 1058, 1065 (9th Cir. 2020) ("The lack of detail in an applicant's testimony can be a relevant factor for assessing credibility.").

d. The BIA properly upheld the IJ's finding that Akamin's additional evidence failed to overcome her lack of credibility or otherwise establish her claims. On this score, Akamin only challenges the agency's failure to give more weight to affidavits from a licensed clinical social worker and from a volunteer with a non-profit agency, both of whom averred that they found Akamin to be very credible. The IJ discounted the social worker's testimony because his qualifications were not set forth in his affidavit, he was not available to testify at

the hearing, and his evaluation provided "very little context" for his conclusions. As for the non-profit volunteer, the IJ expressed similar concerns, except that he noted that the volunteer was present at the hearing and that Akamin's counsel "declined to have her testify." These considerations are legitimate reasons for discounting these affidavits, and we cannot say that the agency was compelled to give them greater weight.

Given the lack of credible testimony from Akamin and the IJ's permissible discounting of the additional evidence presented, the BIA properly concluded that Akamin had failed to establish her eligibility for asylum or withholding of removal.

2. Substantial evidence also supports the agency's determination that Akamin failed to demonstrate eligibility for protection under the Torture Convention. The IJ acknowledged that the country conditions evidence "reports instances of violence perpetuated by the Cameroonian military against the Anglophone community," but the IJ permissibly concluded that the record as a whole did not establish that Akamin faced a particularized risk of torture if she is removed to Cameroon. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021).

The petition for review is **DENIED**.